MAIE B. CHAIN, PROSECUTOR, v. BOROUGH OF MERCHANTVILLE, RESPONDENT.

Submitted July 3, 1919—Decided October 21, 1919.

1. The determination of the boundaries of a street requires action of a judicial nature to ascertain the precise character and extent of the encroachments, and parties to be affected by the adjudication have a right to be heard. This judicial function must be assumed and exercised by the proper municipal body with special reference to the particular street affected, and a mode must be provided in which the adjacent lot owners must be heard.

2. Where there is an absence of proof that an adjacent landowner had notice of, or an opportunity to object to, the passage of a municipal ordinance which affected her property, such landowner will not be chargeable with laches in not attacking the validity of the ordinance until she had actual notice that such ordinance injuriously affected her property.

On *certiorari.*

Before Justices TRENCHARD, BERGEN and KALISCH.

For the prosecutor, *William Early.*

For the respondent, *Edward I. Berry.*

The opinion of the court was delivered by

KALISCH, J. The prosecutrix seeks to set aside three ordinances of the borough of Merchantville, so far as they affect certain premises in her possession and of which she claims to be the owner.

The borough of Merchantville it appears brought an action in ejectment against the prosecutrix to eject her from the possession of a certain strip of land, which the borough claims to own by virtue of certain proceedings taken by it under several ordinances enacted by it.

Application for a *certiorari* was made to Mr. Justice Garrison, by the prosecutrix, for the purpose of permitting her in a direct proceeding to attack the validity of the said ordinances, so far as they appeared to affect her title to and right of possession of the premises claimed by the borough as its own, and in aid of her defence in the action of ejectment.

In allowing the writ Mr. Justice Garrison said: "As mere legislative enactments they could not be so used, being self-serving acts of the plaintiff. Whether or not as judicial acts of the plaintiff they could be used against the prosecutrix in the action of ejectment need not be decided until it has been determined that the ordinances were judicial in character. To have this character they must have adjudged that the title to the *locus in quo* was in the borough, after notice to its apparent owner. Such notice, being essential to the judicial character of the ordinances, must be shown by the party who relies upon their judicial nature, in this case the borough. This has not been shown. Hence, the writ should be allowed unless the right to it has been lost by laches. Whether or not the prosecutrix has lost the right to challenge the ordinances

as legislative enactment is not now material, since I have reached the conclusion that she has not lost her right to question them in their judicial aspect as affecting her property rights. *Bill Posting Co.* v. *Atlantic City,* 71 *N. J. L.* 72."

The learned justice allowed the writ and limited its scope to the judicial character of the ordinances and the question relating thereto.

By stipulation between counsel the following facts appear:

"1. On September 3d, 1901, the council of the borough of Merchantville passed an ordinance entitled 'An ordinance to determine and establish the grades and boundaries of the streets and roads of the borough of Merchantville.'

"2. On January 6th, 1912, the council of the borough of Merchantville passed an ordinance entitled 'An ordinance to determine and establish the grades and boundaries of the streets and roads of the borough of Merchantville.'

"3. On December 30th, 1915, the council of the borough of Merchantville passed an ordinance entitled 'An ordinance to determine and establish the grades and boundaries of Maple avenue, in the borough of Merchantville.'

"4. The minutes of the three meetings of council do not show that any testimony was taken concerning the boundaries of the streets therein mentioned.

"5. That one of the streets or roads of said borough is Maple avenue, which was formerly the Moorestown and Camden turnpike; that the said turnpike was incorporated by an act of the legislature of New Jersey, approved February 28th, 1849, and that in said act, and in the return of the surveyors afterward filed, the lines of said turnpike was described by metes and bounds.

"6. That the prosecutrix, 'Maie B. Chain, is at present in possession of a certain lot of land with a twin dwelling-house and stable thereon erected, situated at the southeast corner of Maple and Chapel avenues, in the borough of Merchantville; that on or about March 21st, 1916, said borough of Merchantville instituted an ejectment suit in the New Jersey Supreme Court against prosecutrix, claiming that the southerly line of Maple avenue as it passes her land is in such loca-

tion as to include in the street a strip claimed by the prosecutrix and within her fence running along its entire frontage, being two and seven-tenths feet in depth at one end of her lot and running to a depth of eight and seven-tenths feet at the other end, claiming that the borough is entitled to the possession of said strip of land as a portion of said street.' "

The testimony taken in this proceeding justifies us in finding that the prosecutrix had lived upon the property for forty years; that during that entire period the property was fenced in on the Maple avenue side, first by a wooden fence, then by an iron one on the exact location of the former; that these fences included within their bounds the strip claimed by the borough under the ordinances; that no attempt was made by the borough to have either of the fences removed; that prior to the passage of the September ordinance of 1901 the father of the prosecutrix died, and thereafter she continued to live with her mother upon the property and they were in possession when the September ordinance of 1901 was enacted; that neither she nor her mother had any notice or knowledge of the passage of the ordinance; that the prosecutrix was in a position to have known if her mother had received notice of the intention to pass or passage of the ordinance; that this is made to appear by the fact that the mother confided all business she was called upon to transact to her daughter, and that nothing was ever said by the mother to the daughter concerning any ordinance or any change to be made in the Maple avenue fence; that the mother of the prosecutrix died in 1903, and that the prosecutrix has been living upon the property since her mother's death and until very recently, and that she never had any notice or knowledge of the two later ordinances, of January, 1912, and December, 1915.

As to the ordinances of December 30th, 1915, the defendant agrees that they be set aside, and such an order will accordingly be made.

This leaves for our consideration the validity of the ordinances of 1901 and 1912, so far as they affect the property rights of the prosecutrix.

For the defendant it is argued, first, that the prosecutrix is barred from having the benefit of the writ of *certiorari* to test the validity of the ordinance, for the reason that she has been guilty of laches. To sustain this position, it is declared that large sums of money have been expended by the municipality since the passage of the ordinances; that a sewerage system has been constructed and intersecting streets have been improved with reference to the lines fixed by the ordinances, which were passed as necessary preliminary to the doing of this work. It is argued that the reason now assigned for setting the ordinance aside existed at the time that it was passed, and hence, the prosecutrix is guilty of such laches as disentitles her to relief. In *Voorhees* v. *Bound Brook, 55 N. J. L.* 548, Mr. Justice Garrison, speaking for this court (at *p.* 549), said: "It is the settled law of this state that the determination of the boundaries of a street requires action of a judicial nature to ascertain the precise character and extent of the encroachments, and that parties to be affected by the adjudication have a right to be heard. Furthermore, that this judicial function must be assumed and exercised by the proper municipal body with special reference to the particular street affected, and a mode must be provided in which the adjacent lotowners may be heard. *Bodine* v. *Trenton, 7 Vr.* 198; *Dawes* v. *Hightstown, 16 Id.* 127, 501; *Stretch* v. *Hoboken, 18 Id.* 268."

The stipulation in the present case discloses that the minutes of the council do not show that any testimony was taken at the time of the passage of the ordinance in question as to the boundaries of the streets mentioned therein. Nor do the minutes show that notice was given to the prosecutrix or her mother of the proposed action of the council so as to afford either an opportunity to be heard.

We think, therefore, that in a proceeding of this character the record of the borough should show that the adjacent owners had notice of the proposed ordinances and were given an opportunity to be heard. The burden of proof, to establish that notice was given, in the absence of anything appearing in this respect upon the face of the record, was on the

borough. The prosecutrix testified that no notice was given of either proposed ordinance. It follows, as a matter of course, where it appears, as it does here, that there is an utter absence of any proof that notice was given to the prosecutrix, or her predecessor in title, of the proposed ordinances, the charge of laches cannot be successfully urged. The fact that improvements were made in the avenue seven years after the passage of the ordinance of 1901, as above referred to, does not appear to have been of such a nature as to charge the prosecutrix with notice that there was such an ordinance and that it affected her property rights. No acts done by the borough, after the passage of the ordinances of 1901 and of 1912, show any attempt by the municipality to change the boundary line of the property of the prosecutrix on Maple avenue, the fences, as originally located upon the property indicating the boundary line, having never been disturbed.

In the various respects pointed out the present case differs from *Hopewell* v. *Flemington*, 69 *N. J. L.* 597.

On this branch of the case we conclude that the ordinances are judicial in character, affecting property rights of the prosecutrix, and that the charge of laches made against her is not sustained.

Lastly, it is insisted by counsel for the defendant that the ordinances must be either affirmed or set aside as a whole, and cannot be separated as to their effect.

This proposition is untenable. It rests upon a bare assumption. In so far as the ordinances operate to affect the location of the lines of Maple avenue, and particularly affect the property of the prosecutor, they can be easily separated as to their effect.

That an ordinance may be set aside in part and affirmed in part is no longer an open question in this state. *Trowbridge* v. *Newark*, 46 *N. J. L.* 140; *Schwarz Brothers Co.* v. *Board of Health*, 84 *Id.* 735, 740.

The views herein expressed lead to the conclusion that the ordinances in question, so far as they affect the property of the prosecutrix, must be set aside, with costs.